```
FILED ____ ✓   ____ LODGED
____ RECEIVED   ____ COPY

          AUG 24 2016

CLERK U S DISTRICT COURT
   DISTRICT OF ARIZONA
BY_____ DEPUTY
```

1  RICHARD SHUPE, PRO SE
2  3657 S DOUBLE ECHO RD
3  TUCSON, AZ 85735
4  520-578-6400

# UNITED STATES DISTRICT COURT
## COUNTY OF PIMA, STATE OF ARIZONA

**CV16-0571 TUCJGZ**

Richard Shupe

    Plaintiff

v.                                    Case No. _____

Capital One Bank U.S.A. N.A.

    Defendant

**COMPLAINT FOR:**

47 U.S.C. 227

47 C.F.R. 64:1200(c)(2)

F.D.C.P.A.

INVASION OF PRIVACY

DUTY OF CARE/NEGLIGENCE

F.C.B.A.

DEFAMATION

**DEMAND FOR TRIAL BY JURY**

---

    Comes now the Plaintiff in the above entitled action and herein submits his claims against defendant Capital One, as above stated.

## PARTIES

    The Plaintiff is a natural person, whom resides in Pima County Arizona. The defendant is a corporation who's principle place of business is conducted in McLean, VA. The principle function of the defendants business is banking, and

1

credit cards.

## JURISDICTION

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. 1331. (Federal Question) see **Mims v. Arrow Financial Svs. 132, S.Ct. 740, 565, U.S. 181 L Ed. 2d, 881.** Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(2), in that the events, or omissions give rise to the Plaintiffs claims occurred in this District. This Court has supplemental jurisdiction to hear the Arizona state law claims.

## STATEMENT OF CLAIMS

These claims arise from the Defendants willful violations of the Telephone Consumer Protection Act. In the process of violating the TCPA, the defendant also violated 47 C.F.R. 64:1200(c)(2); F.D.C.P.A.; F.C.B.A. The defendant willfully and knowing invaded the Plaintiffs privacy; caused physical harms to Plaintiffs spouse. The defendant acted negligently in the above stated violations. The defendant caused defamation to the Plaintiff by placing a negative listing on the Plaintiffs wife's credit report.

# FACTUAL STATEMENTS

A) The Plaintiffs telephone number ending in 6400 was placed on the DNCR years prior to the calls made by the Defendant.

B) The Plaintiff at no time has given the Defendant consent to call his telephone number ending in 6400.

C) The Defendant began calling the Plaintiff in June of 2016 through August of 2016, leaving a prerecorded message on Plaintiffs phone.

D) The Plaintiff informed the Defendant on the first call not to call his phone. The Plaintiff on the first call informed the Defendant that his spouse was disabled, and that incoming calls to their home caused physical distress to his spouse. The Plaintiff told the Defendant on the first call that he was not the person the Defendant was trying to reach.

E) The Defendant ignored the Plaintiffs verbal warnings not to call. The Plaintiff then wrote the Defendant a cease and desist letter.

F) The Defendant continued to call the Plaintiff despite having received both verbal and written notices not to call.

G) That the Defendant spoofed incoming calls to the Plaintiffs prepaid cell phone.

H) That the Defendant refused to acknowledge the letter of dispute sent the Defendant by the spouse of the Plaintiff in any manner in violation of the Fair Credit Billing Act.

J) That the Defendant calls invaded the privacy of the Plaintiffs home and therein caused physical distress to the disabled spouse of the Plaintiff.

## COUNT I
## VIOLATION OF 47 U.S.C. 227

The Plaintiff herein incorporates by reference all of the paragraphs of this complaint as though fully stated herein.

The Telephone Communications Protection Act, (hereinafter named the TCPA) of 1991, codified 47 U. S. C. 227, was enacted by Congress to a growing number of consumer complaints regarding certain telemarketing practices.

Oversight of the TCPA was designated by the Congress to the Federal Communications Corporation, hereinafter named the FCC. Over the years since 1991, the FCC has created enforcement Rules and Regulations . In the beginning, and up until 2012, any caller, regardless of the nature of the call, was required to have consent from the called party. Consent prior to 2012 could be the presence of a prior business relationship. In 2012, the FCC declared that no longer was a caller allowed to use "Prior Business Relationship" as a defense against TCPA claims. The FCC since 2012 requires "express written consent" by the called party. see **FCC, C.C.R. 1830, 1831 (2012)**

4

Over the years, debt collectors attempting to collect debts were the cause of many revisions to the Rules, set forth by the TCPA. In the early years of the TCPA, debt collects were considered to have "consent" due to the obvious pre-existing business relationship. Then, as above stated, the FCC in 2012 requires express written consent.

Legal consent ( consent obtained as described in the Rules and Regulations set forth by the FCC), has been the linchpin of many appeals to the Circuit Courts. Arguments arose over "intended party"; called party; the "subscriber", and the content of the callers calls.

Released in Feb. of **2012 FCC DKT 02-278**, the FCC unambiguously held that consent must come from the current subscriber of the telephone number called. The Circuit Court echoed this Ruling by the FCC. In **Soppet v. Enhanced Recovery, LLC, F.3d, 637 (7th Cir.)** . also see: **Osorio v. State Farm Bank, F.S.V. No. 13-10951m, 2914, WL,1258023.** The Soppet Court also stated that consent could be revoked at any time, as has the FCC . It was held that consent can't be eternal, and that after 18 months, consent was void.

5

The FCC granted safe harbors from the TCPA for telemarketing, and other types of calls. Regardless of the nature of **any** call, the caller is required by both the TCPA, and FCC, to have consent.

Post TCPA, arrived the National Do-Not-Call-Registry, hereinafter named the DNCR. The purpose of the DNCR was to give consumers an adder layer of protection from unwanted calls into their homes. Any consumer who's telephone numbers on the DNCR, requires **any caller,** to have express written consent from the telephone subscriber, prior to making any type of calls to said DNCR registered number.

"The DNCR targets speech that invades the privacy of the home, a personal sanctuary that enjoys a unique status in our constitution jurisprudence" **Frisby v. Schultz, 487 U.S. 474, 108 S. Ct. 2495, 101 L Ed. 2d 420**. "The DNCR is an opt-in program that puts the choice of <u>whether or not to restrict commercial calls entirely</u> in the hands of consumers. The DNCR materially furthers the government's interest in combating the danger of abusive telemarketing and preventing the invasion of the consumers privacy, blocking a significant number

of the calls that cause these problems"**Mainstream Marketing Svs. Inc. v. FTC358 F.3d 1228 Ct. of App. 10th Cir; 16 C.F.R. 310.4(b)(1)(iii)(B), 319.6(a); 47 C.F.R. 64:1200(c)(2); 64:1200(f)(9).**

Any ambiguity in the TCPA must be resolved in favor of the consumer. **Soundbite Communications Inc. 27 FCC Rcd. 15391,15394 (2012)**

## TCPA

There exist two elements to a TCPA claim. (a) that a cellular phone was called; (b) via an ATDS and or that a pre-recorded message was left. **Robbins, 2013 WL2252646 at*2(citing Connelly v. Hilton Grand Vacations Co. LLC, No. 12-cv-599 JOS, 2012, WL 2129364 at *3(S.D. Cal June 11 2012).**

The TCPA is a strict liability statute. **Park Univ. Enters, Inc. v. America Cas. Co. 314, F. Supp .2d 1094, (D. Kansas 2004)**

The applicable section of the TCPA to the instant case states: ( "to make **any call** , (other than a call made for emergency purposes or made with the prior "expressed consent" of the called party), using an automatic dialing system **or** an artificial or pre-recorded voice....to **any** telephone number assigned to a cellular telephone service, and for services in which the <u>the called party is charged</u>

7

<u>for the calls"</u> **see: 47 U.S.C. 227(b)(1)(A).**

The TCPA's substantive restrictions apply to "any person", a term that includes individuals, partnerships, associations, joint-stock companies, trust, and corporations. see **Maryland v. Universal Elections 787 F. Supp.2d 408 (D Md 2011). holding: ("individuals can be iable even when acting on behalf of a corporations) see: Accounting Outsourcing LLC v. Verizon Wireless Personnel Commc'ns LP , 329, F Supp .2d, 789, 806, (M. D. La 2004).**

The plain text of the TCPA prohibits calls "<u>to any telephone number assigned to a cellular service...or any service for which the called party is charged for the call"</u> **47 U.S.c. 227(b)(10)(A)(iii)** Since this section is written in the disjunctive, a call is prohibited if it is made to a cellular number or if it is made such that the receiving party is charged for the call.  There are no exceptions to this section of the statute unless the caller has expressed written consent. see **Iniguez v. the CBE Gp. 969, F Supp . 2d 1241, Dist. Ct. Ed. CA, 2013; Blair v. CBE Gp. Inc. No  13-cv-134-MMA(WVG), 2013 WL 2029155, *4 Slip Copy S.D. Cal May 13, 2013.**

8

The TCPA statue is content neutral. see **MOser v. Fcc, 46 F .3d, 970 (9th Cir)**

**holding: (" because nothing in the statute requires the Commission to distinguish between commercial and non-commercial speech, we conclude that the statute should be analyzed as content-neutral time, place, and manner restrictions.  It regulates all telemarketing calls without regard to whether they are commercial or non-commercial")**

Subject to exceptions not pertinent here, the TCPA principally outlaws four practices.  First, the Act makes it unlawful to use an automatic telephone dialing system or an artificial or prerecorded voice message, without the prior written consent of the called party, to call any emergency telephone line, hospital patient, pager , cellular telephone, or other service for which the receiver s charged for the call.  **47 U.S.C. 227(b)(1)(A).**  Second, the TCPA forbids using artificial or prerecorded voice messages to call residential telephone lines without prior express consent **47 U.S.C. 227 (b)(1)(B).** Third, the Act proscribes sending unsolicited advertisements to fax machines. **227 U.S.C. (b)(1)(C).** Fourth, it bans using automatic telephone dialing systems to engage two or of a business

9

telephone lines simultaneously. **227(b)(1)(D).**

The Defendant made numerous calls to the Plaintiff's prepaid cell phone number of 520-578-6400, without consent from the Plaintiff, leaving prerecorded messages on the Plaintiffs telephone voice mail, consuming the Plaintiffs prepaid minutes.  The Defendant used automatic dialing systems to call the Plaintiff. **At no time, has the Plaintiff engaged in any business relationship with the Defendant, nor has the Plaintiff at any time given his expressed consent to the Defendant to call him on his prepaid cell phone.** Said calls begin in May, of 2015.

Upon receiving the first call from the Defendant, the Plaintiff informed the Defendant that he was not the person they were trying to reach.  The Plaintiff further informed the Defendant that said calls were causing his disabled spouse, severe physical distress.  The Plaintiff further demanded that the Defendant immediately cease calls to his cell phone.  The Defendant ignored all notices set forth by the Plaintiff in the first call, made by the Defendant.

Said calls made by the Defendant were made knowingly, and willfully. There is no justification or excuse, or defense for the defendants actions.

## COUNT II
## VIOLATION OF C.F.R. 64:1200(C)(2)

The Plaintiff herein incorporates by reference all of the paragraphs of this complaint as though fully stated herein.

C.F.R. 64:1200 is a separate statute apart from the TCPA that congress enacted to further protect the privacy rights of consumers. The DNCR requires that any person registered on the DNCR is further protected in addition to the TCPA. Any caller, calling a person registered on the DNCR, must have expressed written consent before calling said registered consumer.

The Defendant failed to have consent to call the Plaintiff, in violation of the TCPA, and for the exact same reason, the Defendant is responsible for the violations of 64:1200 (d)(1),(d)(6).

## COUNT III
## VIOLATION OF THE
## FAIR DEBT COLLECTIONS PROTECTION ACT

The Plaintiff herein incorporates by reference all of the paragraphs of this complaint as though fully stated herein.

Codified 15 U.S.C. 1692, the FDCPA prohibits a debt collector from continuing to call a party after being informed not to call. 15 U.S.C. 1692 807(c). The Defendant violated said statute by calling the Plaintiffs cell phone after being told not to call.

## COUNT IV
## INVASION OF PRIVACY

The Plaintiff herein incorporates by reference all of the paragraphs of this complaint as though fully stated herein.

Arizona recognizes invasion of privacy, intrusion upon seclusion adopted from the Restatement of Torts, second. Under said statute, the Defendant must cause the Plaintiff harms that give rise to a state of "highly objectionable" to the average person.

Highly objectionable is a determination by a jury, after hearing all the evidence put forth by the Plaintiff. In the instant case, the Defendant having been informed that their calls to the Plaintiff were causing physical harms to the Plaintiffs spouse, thereby meets the burden of "highly objectionable" to the

1  average person.

3  The Defendant purposefully called the Plaintiff's cell phone after being

5  told not to , and after being told said calls were causing physical harms to the

7  Plaintiff's disabled spouse.

## COUNT V
## VIOLATION OF DUTY OF CARE; NEGLIGENCE

12  The Plaintiff herein incorporates by reference all of the paragraphs of this

14  complaint as though fully stated herein.

16  The Defendant has a responsibility not to cause harms to others, as all

18  citizens do, corporate citizens and consumers.  The Defendant has a heighten

20  burden to comply with all laws in the performance of their business activities.

22  After being informed not to further call the Plaintiff's telephone, and after being

24  informed that said calls caused harms to the Plaintiffs disabled spouse, the

26  Defendant clearly violated their duty of care.  The F.D.C.P.A.; F.C.B.A.; TCPA; and

28  C.F.R. 64:1200, all impose a duty of care upon the Defendant.  The Defendant

30  violated said duties imposed by statute.  The Defendants violations caused

13

physical harms to the disabled spouse of the Plaintiff, in addition to the emotional distress caused the Plaintiff.

## COUNT VI
## VIOLATION OF THE FAIR CREDIT BILLING ACT

The Plaintiff herein incorporates by reference all of the paragraphs of this complaint as though fully stated herein.

The spouse of the Plaintiff sent the Defendant a letter of dispute regarding the charge which has lead to the Defendants violations of law.  The Defendant ignored its responsibility to respond to said letter within thirty days of receipt of said letter of dispute, in direct violation of the FCBA.  Instead, the Defendant just continued with their illegal collections practices.  On            , the spouse of the Plaintiff wrote a "letter of dispute" to the Defendant.  The Defendant failed to respond.  The spouse of the Plaintiff wrote a second letter on            of which the  Defendant again failed to respond.  The Defendants actions caused the Plaintiff harms in the form of emotional distress.

## COUNT VII
## DEFAMATION

The Plaintiff herein incorporates by reference all of the paragraphs of this

complaint as though fully stated herein.

The Defendant placed negative information on the credit bureau reports of the Plaintiff's spouse. As a result of said action, the Plaintiff sustained harms by being unable to secure credit jointly with his spouse.

## PRAYER FOR RELIEF

The Defendants actions were inexcusable and completely without legal justification. The Defendant caused physical distress to the spouse of the Plaintiff, and emotional distress to the Plaintiff. Debt collectors use relentless calling purposefully, to harass the called party into paying a debt, as did the Defendant in this instant case. The Defendants calls were made with malice, having been previously informs of the harms caused by said calls. Thereby:

## COUNT I
## VIOLATION OF 47 U.S.C. 227

The Defendant calls to the Plaintiffs prepaid cell phone were made willfully and knowingly. Thereby, the Plaintiff seeks damages under this count in the amount of $1,500.00 per call.

## COUNT II
## VIOLATION OF 64:1200

The Defendant willfully and knowingly called the Plaintiff prepaid cell phone who's number resides on the National Do-Not-Call-Registry. As required, the Defendant failed to have expressed written consent to call the Plaintiffs DNCR number. The Defendant failed to review the DNCR as required. Thereby, the Plaintiff seeks damages under this count in the amount of $1,500.00 per call.

## COUNT III
## VIOLATION OF THE F.D.C.P.A.

The Defendant called the Plaintiffs prepaid cell phone after being told not to call by the Plaintiff, in violation of 807(c). Thereby, the Plaintiff seeks damages under this count in the amount of $1,000.00 per violation.

## COUNT IV
## INVASION OF PRIVACY INTRUSION UPON SECLUSION

The Defendant willfully and knowingly invaded the privacy of the Plaintiff causing physical harms to the Plaintiffs spouse, and emotional harms in the form of anger, physical upset, and other negative emotions. The Plaintiff seeks

compensatory damages equal to three times the amount awarded under counts I, II, III of this complaint. The Plaintiff seeks punitive damages in an amount to be determined appropriate by the jury.

## COUNT V
## DUTY OF CARE/ NEGLIGENCE

The Defendant intentionally, and with malice, made calls to the Plaintiff's prepaid cell phone causing emotion distress to Plaintiff and physical distress to Plaintiffs spouse. The Plaintiff seeks compensatory damages in an amount equal to three times the amounts awarded the Plaintiff under counts I,II,III. The Plaintiff seeks punitive damages in an amount to be determined appropriate by the jury.

## COUNT VI
## VIOLATION OF THE FAIR CREDIT BILLING ACT
## F.C.B.A.

There is no excuse or justification for the Defendants willful violation of the F.C.B.A. The Plaintiff seeks damages under this count deemed appropriate by the jury.

## DEFAMATION

The Defendant willfully and purposefully caused defamation to the Plaintiff in the placement of negative information on the credit bureaus reports of the Plaintiffs spouse, of which affected both parties.  The Defendant caused emotional distress to both parties. The Plaintiff seeks compensatory damages in an amount of $10,000.00.  The Plaintiff seeks punitive damages in an amount deemed appropriate by the jury.

**IN ADDITION THE PLAINTIFF SEEKS:**

**Cost**
**Reasonable Attorney fees**
**Prejudgment interest @ 12% per annum**
**Any other monies deemed appropriate by the Judge and or Jury.**

**PLAINTIFFS DEMANDS TRIAL BY JURY**

Respectively submitted this __24__ day of __August__, 2016

_____

Richard Shupe

**18**