SIDNEY F. WOLITZKY
70 West Franklin Street
Tucson, AZ  85701-1047
(520) 622-5832
State Bar No. 003195
Pima County Computer No. 63332

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# IN THE DISTRICT OF ARIZONA

| Richard Shupe, | ) | |
|---|---|---|
| | ) | Case No. 4:16-cv-00571-TUC-JGZ |
| Plaintiff, | ) | |
| | ) | **CASE MANAGEMENT REPORT** |
| v. | ) | |
| | ) | |
| Capital One Bank USA, NA, | ) | |
| | ) | |
| Defendant. | ) | |

COME NOW the parties Richard Shupe, by and through their attorney, Sid Wolitzky and Capital One Bank (USA), N.A. through their attorney, Wade M. Burgeson, and hereby submit a joint case management report in this case:

**1.  The nature of the case, setting forth in a brief statement the factual and legal basis for Plaintiff's claims and Defendant's defenses; and a list of the elements of proof necessary for each count of the complaint and each affirmative defense.**

The Plaintiff claims that Capital One called a prepaid cell phone 100 times leaving artificial phone messages with each call. The Plaintiff alleges that Defendant failed to obtain consent to call Plaintiff's number. The TCPA requires some form of express consent for autodialed or pre-recorded non-telemarketing calls to wireless numbers. 2012 TCPA Order, 27 FCC Red at 1842. Even if the defendant had valid consent to make the calls to the prepaid cell-phone, said consent was revoked. Defendant received a notice to cease and desist. Because the Plaintiff both verbally and in writing told defendant that they were violating the TCPA, Defendant is liable for treble damages or $1500.00 per call. Plaintiff believes that the defendant willfully and knowingly violated 47 C.F.R. 64 and therefore is liable for damages of

$150,000.00.  Plaintiff also feels that his privacy has been invaded.  Plaintiff must prove his case by a preponderance of the evidence.

Defendant believes that Plaintiff have not met his burden of proof.  Defendant has listed the following affirmative defenses: failure to state a claim; failure to mitigate damages; damages are attributable to Plaintiff's own conduct; Plaintiff is not entitled to attorneys' fees; offset; lack of actual malice, intent, or ill will; Plaintiff is not entitled to punitive damages; any punitive damages are limited by constitutional, statutory, and common law limitations; damages are attributable to a third party; Capital One acted in good faith; any violation of the law, which Capital One denies, was a *bona fide* error notwithstanding the maintenance of procedures reasonable adopted to avoid such error; Capital One complied with the law; Capital One had Plaintiff's consent to call the alleged cell phone number at issue; and Plaintiff may lack standing. The majority are legal defenses. Some courts have held that Capital One must establish consent under the TCPA by a preponderance of the evidence, at which point the burden shifts to Plaintiff to establish that he revoked consent.

**2.     The factual and legal issues genuinely in dispute and whether they can be narrowed by stipulation or motions.**

The factual issues still in dispute are whether defendant called plaintiff and how often; whether defendant had a legal right to call plaintiff; why defendant called plaintiff; whether or not defendant violated TCPA and invaded Plaintiff's privacy by calling plaintiff; whether plaintiff sent defendant a cease and desist letter; whether defendant had a legal obligation to call plaintiff in spite of the cease and desist letter; and whether Plaintiff has been damaged.

**3.     The jurisdictional basis for the case, describing the basis for the jurisdiction and citing specific jurisdictional statutes.**

The U.S. District Court has jurisdiction because the parties are from different states and the amount in controversy exceeds the statutory limits.  Furthermore, federal courts have jurisdiction of 47 § U.S.C. 227 claims.

**4.    The parties, if any, that have not been served, as well as parties which have not filed an answer or other appearance.**

All parties have been served.

**5.    The names of parties not subject to the Court's jurisdiction.**

Not applicable.

**6.    Whether there are dispositive or partially dispositive issues to be decided by pre-trial motions and legal issues about which any pretrial motions are contemplated.**

Capital One has already been granted a motion to dismiss on the issue of negligence (Count III). Three other counts still exist. Capital One anticipates filing a motion for summary judgment on all Plaintiff's remaining claims. Plaintiff anticipates filing a motion for leave to amend and add an additional party, Maria Shupe, as a Plaintiff.

**7.    If the parties anticipate filing cross-motions for summary judgment, whether an abbreviated briefing schedule comprised of: (1) a motion, (2) a response / cross-motion, (3) a response to cross-motion / reply and (4) a reply to cross-motion is feasible and if so, proposed page limitations and filing deadlines for each brief.**

If Plaintiff also files a motion for summary judgment, the parties agree that an abbreviated briefing schedule is appropriate and propose the following schedule:

- Motion: April 20, 2018, with 20 page limit.
- Response/Cross-motion: May 11, 2018, with 25 page limit.
- Response to cross-motion/reply: May 25, 2018, with 20 page limit.
- Reply to cross motion: June 8, 2018, with 15 page limit.

**8.    Whether the case is suitable for reference to arbitration, to a special master, or to a United States Magistrate Judge.**

No.

**9.    The status of related cases pending before other judges of this court or before other courts and whether it is appropriate for any matters to be consolidated pursuant to LRCiv 42.1(b).**

{0005076.0021/00799212.DOCX / }                3

There are no cases before other judges that can be consolidated into this case.

**10.   A statement of when Initial Disclosures were made or will be made, any proposed changes in the requirements for Initial Disclosures set forth in Rule 26(a)(1), Fed. R. Civ. P., or, if applicable, of the stipulation to set a different time or objection to initial disclosures.**

Pretrial disclosures shall be made within 14 days after the Rule 26(f) conference unless the parties stipulate otherwise. Capital One made its initial disclosures September 27, 2017.

**11.   Suggested changes, if any, in the limitations on discovery imposed by Rule 26(b)(2), Fed. R. Civ. P.**

None.

**12.   The scope of discovery, when discovery should be completed, and whether discovery should be conducted in phases or should be limited to or focused upon particular issues. For example, where dispositive motions will be filed (e.g., motions for summary judgment or a defense relying on the statute of limitations), the parties should consider limiting discovery to the issue at hand until the Court has ruled on the motion.**

- Fact discovery complete by March 26, 2018, to include interrogatories, requests for production of documents, and requests for admission, as well as deposition of Plaintiff and Defendant.
- Alternative dispute resolution by May 15, 2018.
- Trial ready by November 5, 2018.
- The estimated length of time for trial is two days.

**a.   The extent, nature, and location of discovery anticipated by the parties.**

The parties anticipate the discovery described above. Capital One's corporate representative is likely located in McLean, Virginia or Richmond, Virginia.

**b.   Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2.**

None.

**c. The number of hours permitted for each deposition, unless extended by agreement of the parties.**

None.

**13. A discussion of any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced (*see* Rules 16(b)(3), 26(f)(3)).**

The parties agree that documents will be produced in Portable Document Format (PDF) unless otherwise agreed. Call recordings, if any, will be produced in .wav format.

**14. A discussion of any issues relating to claims of privilege or work product (see Rules 16(b)(3), 26(f)(3)).**

The parties will follow the limits of the Federal Rules of Civil Procedure relating to claims of privilege and work product.

**15.     Proposed deadlines for:**

**a. Initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P. (see page 2 of this Order, paragraph F).**

Pretrial disclosures shall be made within 14 days after the Rule 26(f) conference unless the parties stipulate otherwise. Capital One made its initial disclosures September 27, 2017.

**b. Addition of parties or amending complaint.**

Motions for leave to amend due October 20.

**c. Discovery (if the parties believe that discovery will require more than 180 days, the parties MUST provide an explanation showing why, in the instant case, a lengthier period for discovery is necessary).**

March 26, 2018.

**d. Filing dispositive motions.**

April 20, 2018.

  **e. Disclosure of initial expert testimony and rebuttal expert testimony pursuant to Rule 26(a)(2), Fed. R. Civ. P.**

Initial expert testimony: January 26, 2018.

Rebuttal expert testimony: February 23, 2018.

  **f. Disclosure of witness list.**

  September 7, 2018.

  **g. Filing of settlement status reports.**

  July 2, 2018.

  **h. Filing pre-trial statement.**

  October 5, 2018.

**16. The parties shall disclose what evidentiary hearings, such as *Daubert*, will be required and when such hearing shall be held.**

If *Daubert* motions are filed, they should be filed by the dispositive motion deadline and heard after briefing is complete.

**17. Estimated date that the case will be ready for trial, the estimated length of trial, and any suggestions for shortening the trial.**

Trial ready by November 5, 2018, with a trial to last approximately 2–3 days.

**18. Whether a jury trial has been requested and whether the request for jury trial is contested.**

Plaintiff demanded a jury trial, Capital One may dispute whether a jury trial is available for Plaintiff' TCPA claim.

**19. The prospects for settlement, specifically addressing the parties' wishes for settlement conference and addressing any other way the Court can facilitate settlement.**

Settlement may be achievable after the parties have conducted some discovery.

**20.  Any unusual, difficult, or complex problems affecting the conduct of the case or which would require the case to be placed on the complex track for case management purposes pursuant to LRCiv 16.2(b)(4).**

None.

**21.  Any suggestions to expedite the disposition of this matter.**

None.

Dated this 27th day of September, 2017.

/s/ Wade M. Burgeson SBA#015650          /s/ Sidney F. Wolitzky (with permission)
Wade Burgeson                            Sidney F. Wolitzky
Engelman Berger, P.C.                    Law Offices of Sidney F. Wolitzky
3636 N. Central Avenue, Suite 700        *Attorney for Plaintiff*
Phoenix, AZ  85004
(602) 271-9090
wmb@eblawyers.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2017, the foregoing document was electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic filing to the individuals registered.

/s/ Lisa G. Morgan