**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Richard Shupe,

Plaintiff,

v.

Capital One Bank USA NA,

Defendant.

No. CV-16-00571-TUC-JGZ

**ORDER**

Pending before the Court is Plaintiff Richard Shupe's Third Motion to Amend Complaint. (Doc. 47.) Plaintiff seeks leave to file a Third Amended Complaint ("TAC") to add his wife, Maria Shupe, as a plaintiff, and to reformat the caption. Plaintiff incorrectly states that no substantive claims were added. (*Id.*) In fact, numerous claims previously dismissed by this Court were included in the TAC.

The Court will permit the Plaintiff to file a third amended complaint but will dismiss counts III, IV, V, VI and VII with prejudice. The Court will order the Defendant to file an answer to Counts I and II. As Plaintiff has been provided numerous opportunities to amend the complaint, no further amendment will be permitted.

**DISCUSSION**

Fed. R. Civ. P. 15(a)(2) requires this Court to freely grant leave to amend when justice so requires. Rule 15's policy of favoring amendments to pleadings must be applied with "extreme liberality," *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185-86 (9th Cir. 1987), and motions to amend granted unless the court determines that there

has been a showing of: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A motion to amend is futile if the proposed amendment would not withstand a motion to dismiss or if it fails to state a claim upon which relief may be granted. *Jones v. Wet Seal Retail, Inc.*, 519 F. Supp. 2d 1164 (D. Kan. 2007). In evaluating futility, the court must analyze the proposed amendment as if it were before the court on a motion to dismiss for failure to state a claim. *Id*. Moreover, "repeated failure to cure deficiencies by amendments previously allowed" is a valid reason to deny leave to amend. *Foman*, 371 U.S. at 182; *see also Dutciuc v. Meritage Homes of Arizona, Inc.*, No. 10-17268, 2011 U.S. App. WL 6321882, at *660 (9th Cir. Dec. 19, 2011).

When assessing the sufficiency of the complaint, all factual allegations are taken as true and construed in the light most favorable to the nonmoving party, *Iolab Corp. v. Seaboard Sur. Co*., 15 F.3d 1500, 1504 (9th Cir. 1994), and all reasonable inferences are to be drawn in favor of that party as well. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). An "amended pleading supersedes the original pleading." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542 (9th Cir. 1990). After amendment, the Court will treat the original complaints as nonexistent. *Ferdik*, 963 F.2d at 1262.

**A. Count III (Defamation) and Count VI (FDCPA) were previously dismissed with prejudice.**

The Court previously dismissed with prejudice Plaintiff's claims for defamation and violation of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff reasserts these claims in Counts III and VI of the TAC. (*See* Doc. 21.) With respect to the defamation claim in Count III, the TAC fails to cure the deficiencies identified by the Court in its previous Order. (*Id*.) With respect to Count VI, Plaintiff previously withdrew its claim for violation of the FDCPA (*see* Doc. 15) in response to Defendant's motion to dismiss the claim. (Doc. 13.) Defendant had argued that the FDCPA does not

apply because the Defendant is not a debt collector. (*Id*.) Plaintiff provides no basis for resurrecting this claim. Accordingly, the Court will again dismiss Counts III and VI with prejudice.

**B. Plaintiff fails to state a negligence claim in Count IV.**

The Court previously dismissed Plaintiff's negligence claim with prejudice. The Court concluded: (1) Capital One owed no duty of care to Plaintiff Richard Shupe (Doc. 21), and (2) Defendant's duty to comply with the Telephone Consumer Protection Act (TCPA) did not establish a duty of care. (Doc. 35.) Although the TAC adds Maria Shupe, who is a Capital One customer, the TAC nonetheless fails to state a negligence claim. The TAC alleges that Capital One's duty of care arises out of the "Fair Credit Billing Act ("FCBA") and other federal statutes." (Doc. 47-1, ¶ 20.) The FCBA, which protects customers from unfair billing practices, does not give rise to an action for negligence per se. As this Court previously held, Arizona law is clear that a statute must have a public safety purpose in order to give rise to an action for negligence per se. *Alaface v. Nat'l Inv. Co.*, 892 P.2d 1375, 1389-90 (Ariz. App. 1994) (Erlich, J., Concurring) (citing cases); *see also Gilbert Tuscany Lender, LLC v. Wells Fargo Bank*, 307 P.3d 1025, 1028-29 (Ariz. App. 2013). As the TAC fails to adequately allege a duty Capital One owed to either plaintiff, the TAC fails to state a claim for negligence. Count IV will be dismissed with prejudice.

**C. Count V fails to state a claim for invasion of privacy by intrusion**

The TAC alleges Defendant called the Plaintiffs' phone two times a day from June 10, 2016 through August 12, 2016, invading the privacy of Plaintiffs and causing Plaintiff Maria Shupe, who is disabled, physical and emotional pain. (Doc. 47-1, ¶¶ 3, 22, 23, & 24.) Under Arizona law, which looks to the Restatement (Second) of Torts, intrusion upon seclusion is actionable if "the intrusion would be highly offensive to a reasonable person." *Hart v. Seven Resorts Inc.*, 190 Ariz. 272, 279, 947 P.2d 846, 853 (Ct. App. 1997); Restatement (Second) of Torts §§ 652A-B (1977). With respect to creditor collection calls, the Restatement specifically states: "[i]t is only when the telephone calls

are repeated with such persistence and frequency as to amount to a course of hounding the plaintiff, that becomes a substantial burden to his existence, that his privacy is invaded." *Id.* The Court concludes that Plaintiffs' allegations fail to state a claim for invasion of privacy by intrusion because the twice daily phone calls, while frustrating, would not amount to a course of hounding so severe as to constitute a substantial burden to a reasonable person's existence. The Court will dismiss this claim with prejudice.

**D. Count VII fails to state a claim under the Fair Credit Billing Act.**

The Fair Credit Billing Act ("FCBA") provides a cause of action if a creditor fails to take appropriate steps after a customer notifies the creditor, within the time frame set out in the statute, that there has been a billing error. *See* 15 U.S.C. § 1666(a). Specifically, the customer must dispute the charge within 60 days of receiving a statement. *Id.* If the customer timely notifies the creditor of the billing error, the creditor must (1) acknowledge, in writing and within 30 days, that the notice has been received and (2) within a maximum of 90 days, either correct the error or explain the results of an investigation determining that no error was made. *Id.*

The TAC's Fair Credit Billing Act claim, contained in Count VII, alleges only that "Plaintiffs wrote several letters to Defendant disputing the alleged debt" and "Defendant failed to respond within 30 days as required by statute." (Doc. 47-1, ¶¶ 28-31.) The TAC fails to allege that there was a billing error or that the Plaintiff disputed the charged within 60 days of receiving the statement. Although Count VII incorporates all of the paragraphs of the TAC, no other paragraph in the complaint contains allegations sufficient to cure these defects.

**E. Plaintiff may add Maria Shupe as plaintiff.**

Under Fed. R. Civ. P. 20(a)(1)(A)-(B), persons may join in one action as plaintiffs if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action."

The TAC asserts several claims arising out of a series of shared transactions or

occurrences, including allegations that Defendant repeatedly called a prepaid telephone that both Richard and Maria Shupe answered in an attempt to collect an alleged debt in Maria Shupe's name. The complaint alleges that Richard Shupe informed Defendant that their calls caused pain to Maria Shupe, requested verbally and in writing that Defendant stop calling, and that Defendant continued to call. As these allegations relate a series of occurrences common to Maria and Richard, the Court will permit Maria Shupe to join as a plaintiff in this action.

THEREFORE, IT IS ORDERED THAT Plaintiff's Third Motion to Amend Complaint is GRANTED in part. Plaintiffs must file their Third Amended Complaint within ten (10) days of the date this Order is filed. Plaintiffs must clearly designate on the face of the document that it is the "Third Amended Complaint."

IT IS FURTHER ORDERED THAT the Clerk of Court shall amend the caption to reflect that Maria Shupe is a Plaintiff in this matter.

IT IS FURTHER ORDERED THAT Counts III, IV, V, VI and VII are dismissed with prejudice.

IT IS FURTHER ORDERED THAT Defendant shall answer Counts I and II.

Dated this 22nd day of December, 2017.

Jennifer Zipps

Honorable Jennifer G. Zipps
United States District Judge