**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Richard Shupe, et al., | No. CV-16-00571-TUC-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| Capital One Bank USA NA, | |
| Defendant. | |

Four motions are fully briefed and pending before the Court: Plaintiffs Richard and Maria Shupe's Motion for Partial Summary Judgment (Doc. 93); Defendant Capital One Bank's Motion for Summary Judgment (Doc. 95); Plaintiffs' counsel's motion to withdraw as attorney of record based on conflicts between the Plaintiffs (Doc. 109); and Plaintiff Richard Shupe's motion for a stay of proceedings. (Doc. 112.) The Court set these matters for hearing on October 22, 2018, and directed Plaintiffs to be present at the hearing with their attorney so the Court could address their counsel's motion to withdraw. (Doc. 115.) Maria Shupe failed to appear as directed. The Court therefore vacated the hearing[1] and took the motions for summary judgment under advisement.[2]

---

[1] In light of the alleged conflict in representation of the Plaintiffs, the Court reasoned that the motion to withdraw had to be resolved prior to allowing Plaintiffs' counsel to argue on Plaintiffs' behalf. The Court notes that counsel for the Defendant traveled from out of state to attend the hearing. The Court has indicated the potential for assessment of counsel's travel costs in a separate order.

[2] The Court finds that the motions for summary judgment are suitable for resolution without oral argument. *See* LRCiv 7.2(f).

For the reasons stated herein, the Court will deny Plaintiffs' motion for partial summary judgment and grant Defendant's motion for summary judgment. The Court will deny the motion to withdraw and the motion for stay. The Court will dismiss Defendant's counterclaim.

**FACTUAL BACKGROUND**

The following facts are undisputed, except as indicated.

Plaintiff Maria Shupe applied for a Capital One credit card in October 2011. (DSOF ¶ 1; PSOF ¶ 1.)[3] On this application, Maria Shupe listed as her primary phone number a telephone number ending in -6400. (DSOF ¶ 2; Doc 96, Ex. 1 at 3; PSOF ¶ 2.)

Capital One approved Maria Shupe's application and opened an account in her name in October 2011. (DSOF ¶ 8; PSOF ¶ 8.) Capital One asserts that it sent Maria Shupe a mailing that included a credit card, and, according to its standard practice, a Capital One customer agreement. (DSOF ¶¶ 9-10.) Under the Customer Agreement, cardholders acknowledge that Capital One can contact them "using an automated dialing or similar device," and on [their] mobile telephone"; that Capital One's contacts with them about their account "are not unsolicited"; and that if they give Capital One their "mobile telephone number, we may contact you at this number using an Autodialer."[4] (DSOF ¶¶ 12-13.) Plaintiffs agree that Capital One sent Maria Shupe a credit card, but

---

[3] Defendants' Statement of Material Facts (Doc. 96) is abbreviated herein as "DSOF." Plaintiff's Controverting Statement of Facts (Doc. 107) is abbreviated herein as "PSOF."

[4] The Customer agreement states: "This Customer Agreement ("Agreement") contains the terms for your Capital One credit *Card*" (Ex. 6, Doc. 96 at 66), and with respect to contact, provides:

> We may contact you from time to time regarding your *Account*. We may contact you in any manner we choose unless the law says that we cannot. For example, we may:
> (1) contact you by mail, telephone, email, fax, recorded message, text message or personal visit;
> (2) contact you using an automated dialing or similar device ("Autodialer")
> (3) contact you at your home and at your place of employment;
> (4) contact you on your mobile telephone;
> (5) contact you at any time, including weekends and holidays;
> (6) contact you with any frequency; [. . . .]

(Ex. 6, Doc. 96 at 69-70.)

- 2 -

they deny that the mailing included the Customer Agreement. (PSOF ¶ 10-11.) Maria Shupe activated the credit card on November 1, 2011. (DSOF ¶ 14; PSOF ¶ 14.) In 2014, Capital One sent a replacement credit card to Maria Shupe at her request. (DSOF ¶ 15; PSOF ¶ 15.)

Only one purchase was made using the account in Maria Shupe's name. (DSOF ¶ 16 ; PSOF ¶ 16.) That purchase was an airline ticket made for passenger Maria Lourdes Shupe, departing from Tucson, Arizona, arriving in Guadalajara, Mexico, and returning to Tucson, Arizona. (DSOF ¶¶ 16-17; PSOF ¶ 16-17.) Maria Shupe's full name is Maria Lourdes Shupe; she was born in Guadalajara and she resides in Tucson. (*Id*.)

The Shupes dispute that they purchased the airline ticket and have refused to pay the past-due balance on the account. (DSOF ¶¶ 19-20; PSOF ¶¶ 19-20.) When the airline ticket was left unpaid, Capital One began calling the phone number provided on Maria Shupe's credit card application. (DSOF ¶ 21; PSOF ¶ 21.) Capital One acknowledges that it called that number 61 times between July 7, 2015 and August 11, 2015. (DSOF ¶ 21; PSOF ¶ 21.) All calls identified Capital One and notified that "the call was in regard to a debt." (DSOF ¶ 29-30; PSOF ¶ 29-30.)

Plaintiffs assert that they "orally revoked consent" to receive Capital One calls several times prior to revoking consent in writing. (DSOF ¶ 36; PSOF ¶ 36.) Plaintiffs state that, in the presence of others, Richard Shupe called Defendant on June 7, 2015 and told it to stop calling. (Pls.' SOF for MSJ ¶ 9.)[5] Capital One's account records contain no indication that either Plaintiff requested, verbally or in writing, that Capital One stop calling the number prior to August 2015. (DSOF ¶ 37; PSOF ¶ 37.) In August 2015, Capital One received a cease-and-desist letter from Plaintiffs demanding that it stop calling the number. (DSOF ¶ 35.) Capital One asserts that it did not call the number after August 12, 2015. (DSOF ¶ 35.)[6] Plaintiffs make inconsistent statements as to when

---

[5] Plaintiffs' Statement of Facts in Support of its Motion for Partial Summary Judgment (Doc. 94) is abbreviated herein as "Pls.' SOF for MSJ."

[6] Plaintiffs do not specifically respond to Defendant's statement that it stopped all calls after receiving Plaintiff's cease-and-desist letter in August 12, 2015. (PSOF ¶ 37.)

Capital One calls stopped. In their Interrogatories Plaintiffs state Capital One's calls continued until February 2016. (DSOF ¶ 23; PSOF ¶ 23.) Richard Shupe testified that the calls stopped when the lawsuit began in August 2016. (DSOF ¶ 24; PSOF ¶ 24.) Maria Shupe testified at her May 2018 deposition that Capitol One is still calling. (DSOF ¶ 25; PSOF ¶ 25.)

## PROCEDURAL HISTORY

Plaintiffs initiated this action on August 24, 2016 (Doc. 1) and during the course of the case filed three amended complaints. (Docs. 11, 22, 50.) The last filed complaint, the Third Amended Complaint, was filed on December 27, 2017 and asserted two claims: violation of the Telephone Consumer Protection Act (TCPA) (Count I), and violation of 47 C.F.R. § 64.1200(c)(2), the regulations implementing the TCPA, including the Do-Not-Call Registry (Count II). (Doc. 50.) Plaintiff's proposed third amended complaint had also included a claim for invasion of privacy (Doc. 47, Exh. 1); however, in granting Plaintiffs permission to file a third amended complaint, the Court ordered the privacy claim dismissed for failure to state a claim. (Doc. 49.) Plaintiffs subsequently filed the Third Amended complaint (Doc. 50), which did not include the invasion of privacy claim.

Plaintiff made an untimely request for reconsideration of the dismissal of the invasion of privacy claim on February 2, 2018, and, on March 19, 2018, Plaintiffs requested that the Court clarify its basis for dismissal of the claim. (Doc. 54, 62.) On April 20, 2018, the Court concluded that Plaintiffs' proposed third amended complaint contained allegations which could be construed to state a claim for invasion of privacy. (*See* Minute Entry at Doc. 75.) The Court therefore reversed its earlier ruling that Plaintiffs' allegations had been insufficient to state a privacy claim. The Court did not set a deadline by which Plaintiffs should file an amended complaint asserting the privacy claim and Plaintiffs did not file an amended complaint.

During the course of the case the Court has granted two extensions of the discovery deadlines. (*See* Docs. 65, 75.) The second extension was granted after

Plaintiffs requested the Court to reconsider dismissal of the invasion of privacy claim.

On May 10, 2018, during the extended discovery period, Capital One deposed Maria Shupe. (Def. CSOF ¶ 16; Doc. 105-6, Ex. F ¶ 3; Dep. Maria Shupe, Doc. 96 at 26.)[7] After ninety minutes, Maria Shupe left the deposition. (Def. CSOF ¶ 21; Dep. Maria Shupe, Doc. 105-9 at 7.) Capital One reserved its right to seek the remaining time allowed by the Federal Rules of Civil Procedure to complete the deposition. (Dep. Maria Shupe, Doc. 105-9 at 7.)

On May 29, 2018, Plaintiffs moved to strike the deposition claiming Maria Shupe was physically and mentally unable to intelligently participate in her deposition, which request was denied. (Docs. 82, 87.) On May 31, 2018, the Defendant filed a motion requesting permission to file a counterclaim for negligent misrepresentation based on statements made by Maria Shupe during her deposition; the Court granted the request. (Docs. 85, 89.) Defendant filed its amended answer and counterclaim on June 21, 2018. (Doc. 90.) Plaintiffs filed an answer to the counterclaim on June 25, 2018. (Doc. 91.)

On July 13, 2018, Plaintiffs filed their motion seeking summary judgment on a claim for invasion of privacy. (Doc. 93.) In its opposition Defendant asserted that the invasion of privacy claim was not properly before the Court as Plaintiffs had not filed an amended complaint. (Doc. 104). Plaintiffs did not file a reply.

On July 16, 2018, Defendant filed its motion for summary judgment on all claims in Third Amended Complaint. (Doc. 95.) Plaintiffs opposed the motion and Defendant filed a reply. (Docs. 106, 108.)

On September 25, 2018, after the motions for summary judgment were fully briefed, Plaintiffs' counsel filed a motion to withdraw from representation of the Plaintiffs due to conflicts between the Plaintiffs; counsel wrote that the Plaintiffs did not oppose the request. (Doc. 109.)

---

[7] Defendant's Counter Statement of Material Fact in Opposition to Plaintiff's Motion for Partial Summary Judgment (Doc. 105) is abbreviated herein as "Def. CSOF."

On September 28, 2018, Richard Shupe filed, on his own behalf, an objection to counsel's request to withdraw, but in so doing detailed Plaintiffs' conflicts. (Doc. 112.)

Also on September 28, 2018, Plaintiff Richard Shupe filed a motion to stay the proceedings for 120 days, asserting Maria Shupe is mentally ill and he is trying to get help for her. (Doc. 113.)

**DISCUSSION**

**I.   Standard of Review**

In deciding a motion for summary judgment, the Court views the evidence and all reasonable inferences in the light most favorable to the party opposing the motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Eisenberg v. Insurance Co. of North America*, 815 F.2d 1285, 1289 (9th Cir. 1987). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Fuller v. Idaho Dep't of Corr.*, 865 F.3d 1154, 1165 (9th Cir. 2017) (citing *Anderson,* 477 U.S. at 255). Summary judgment is appropriate if the pleadings and supporting documents "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). Material facts are those "that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

A party moving for summary judgment initially must demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 325. The moving party merely needs to point out to the Court the absence of evidence supporting its opponent's claim; it does not need to disprove its opponent's claim. *Id.; see also* Fed. R. Civ. P. 56(c).

If a moving party has made this showing, the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256; *see also* Fed. R. Civ. P. 56(e).

//

## II. Defendant's Motion for Summary Judgment

Capital One moves for summary judgment on Counts I and II of the Third Amended Complaint. (Doc. 95.)

### A. Count I: TCPA Claim

"The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system (ATDS); (3) without the recipient's prior express consent." 47 U.S.C. § 227(b)(1); *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012). Capital One argues it is entitled to summary judgment on Count I because (1) Plaintiffs produce no evidence that Capital One used an ATDS and (2) Maria Shupe expressly consented to receive autodialed calls when she accepted Capital One's customer agreement and provided the "community phone number" on her application for a credit card. (Doc. 95 at 1.)

#### 1. ATDS Element

The Court agrees that Plaintiffs have failed to produce evidence to show that Capital One used an ATDS, a necessary element of their claim. An ATDS "means equipment which has the capacity-- (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227; see also *Marks v. Crunch San Diego, LLC*, No. 14-56834, 2018 WL 4495553, at *9 (9th Cir. Sept. 20, 2018) (ATDS devices also include "equipment that could engage in automatic *dialing*, rather than equipment that operated without any human oversight or control.") (emphasis in original).

Plaintiffs do not dispute their failure to produce evidence of Defendant's use of an ATDS, and argue instead "that evidence of Defendant's use of an ATDS will come to light at or before trial." (Doc. 106, p. 2.) The hope that evidence will become available is insufficient to defeat a motion for summary judgment. *See Balser v. Int'l Union of Elec., Elec., Salaried, Mach. & Furniture Workers (IUE) Local 201*, 661 F.3d 109, 118 (1st Cir. 2011) ("[t]o defeat a motion for summary judgment, the non-movant must tender

significant probative evidence. . . . Brash conjecture, coupled with earnest hope that something concrete will eventually materialize, is insufficient to block summary judgment.").

Similarly insufficient is Plaintiffs' alternative argument that their inability to obtain ATDS evidence is Defendant's fault. (*Id.*) There is no evidence that "Capital One has refused to participate in a cooperative discovery process; [sic] denying discovery on clearly discoverable information only because it knows the information is detrimental to its case." (Doc. 106 at 3.)[8]

Moreover, Rule 56(d) is not available to Plaintiffs to obtain additional evidence because Plaintiffs were given sufficient time to conduct discovery. "The failure to conduct discovery diligently is grounds for the denial of a Rule 56(f) motion."[9] *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005 (9th Cir. 2002) (affirming district court's denial of a 56(f) motion when plaintiff failed to file motion to compel discovery after defendant refused to comply with plaintiff's untimely discovery request). This case was filed on August 24, 2016. The Court set discovery deadlines, which it extended twice. Plaintiffs had ample opportunity to obtain discovery as to the ATDS. In addition, if Defendant had refused to produce this relevant information, the Federal Rules of Civil Procedure provided a remedy to Plaintiffs, which Plaintiff did not invoke. A plaintiff "cannot complain if it fails to pursue discovery diligently before summary judgment." *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986) (denying summary judgment when movant failed to pursue discovery diligently).

---

[8] The docket shows that on April 19, 2018, Plaintiffs requested documents related to "the automated telephone dialing system used by defendant to place calls to Plaintiffs" (Doc. 74), and Defendant served its response to the request on May 21, 2018. (Doc. 81.) During the discovery period, Plaintiffs filed two motions to compel discovery, neither of which related to the ATDS. (*See* Docs. 71, 82.) In light of this record, Plaintiff Richard Shupe's declaration that Plaintiffs "properly sought discovery of information about these devices but have been refused" (Doc. 106-1), is insufficient to create a material issue of fact. The Federal Rules of Civil Procedure provide the mechanisms for requesting discovery. Mr. Shupe's self-serving affidavit does not show that Plaintiffs employed these mechanisms or sought enforcement permitted by the Federal Rules of Civil Procedure.

[9] Former Rule 56(f) was renumbered as Rule 56(d) by the 2010 amendment to the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 56, 2010 Advisory Comm. Notes.

### 2. Express Consent

Because the Court will grant Defendant's motion for summary judgment on Count I due to Plaintiffs' failure of proof on Defendant's use of an ATDS, the Court does not address Defendant's alternative argument regarding express consent.

### B. Count II: Do Not Call Claim

The TCPA authorizes the FCC to establish and operate a single national database for compiling a "do not call" registry. 47 U.S.C. § 227 (c)(3). The regulation governing the Do-Not-Call Registry, 47 C.F.R. § 64.1200(c)(2), applies only to telephone solicitations. *See* 2008 Order, 23 FCC Rcd. At 565 & n.42 ("[C]alls solely for the purpose of debt collection are not telephone solicitations."); *see also Shupe v. JPMorgan Chase Bank NA*, 2014 WL 1117000 (D. Ariz., March 17, 2014), *affirmed*, 671 F. App'x at 419 (9th Cir. 2016) (Chase Banks's "calls to collect on a debt were exempt under the TCPA.")

Capital One argues it is entitled to summary judgment on Count II, the federal Do-Not-Call claim, because Plaintiffs cannot produce evidence that Capital One's calls to Plaintiffs were telephone solicitations. (Doc. 95 at 14.) Plaintiffs do not dispute their lack of evidence, but assert summary judgment is improper because (1) Capital One has not produced evidence of the purpose of its calls, and (2) whether or not the calls were made for solicitation purposes is a question of fact. (Doc. 106 at 5.) These arguments are unavailing.

Capital One need not produce any evidence of the purposes of its calls.[10] Plaintiffs bear the burden of proving the elements of their Do-Not-Call claim, including that the calls were solicitations. *Celotex*, 477 U.S. at 322 ("the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence

---

[10] Although Capital One has no obligation to produce evidence of the purpose of its calls, Capital One did produce evidence that it called the Shupes only for debt-collection purposes. (DSOF ¶ 31; Decl. Chris Kirk, Doc. 96, Ex. 1 ¶ 23.) As noted above, Plaintiffs do not dispute Defendant's evidence. (*See also* PSOF ¶ 31.)

- 9 -

of an element essential to that party's case, and on which that party will bear the burden of proof at trial.);"*see also* Fed. R. Civ. P. 56. Moreover, although the purpose of the calls is a question of fact, it is not a disputed issue of fact where Plaintiffs fail to identify any evidence showing that the calls were solicitations. The Court will therefore grant Defendant's motion for summary judgment with respect to Count II.

### C. Counterclaim against Maria Shupe for Negligent Misrepresentation

In its reply in support of its motion for summary judgment, Capital One states that it no longer intends to pursue its counterclaim for negligent misrepresentation "[b]ecause the Shupes admit that Mrs. Shupe had authority to provide the Subject Number to creditors." (Doc. 108 at 7.) Accordingly, Defendant's counterclaim will be dismissed.

## III. Plaintiff's Motion for Partial Summary Judgment

Plaintiffs move for partial summary judgment on the claim of invasion of privacy and intrusion upon seclusion (Doc. 93), which is not a claim asserted in Plaintiffs' Third Amended Complaint, the operative complaint in this case. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (An "amended complaint supersedes the original, the latter being treated thereafter as non-existent.").

On April 20, 2018, the Court granted Plaintiffs' motion to reconsider its previous dismissal of the invasion of privacy claim. However, Plaintiffs never filed a fourth amended complaint to include the claim. In addition, even though Defendant's August 13, 2018, opposition to Plaintiffs' motion for summary judgment identified this deficit, Plaintiffs have taken no action to correct it. Plaintiffs did not file a reply to Defendant's response. And almost six months after the Court gave Plaintiffs permission to assert the claim, Plaintiffs have not filed or requested to file an amended complaint.

At this stage of the proceedings, the Court concludes that leave to amend is not supported by good cause, as required by Rule 16(b), Federal Rules of Civil Procedure. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.") As detailed above, Plaintiffs have failed to exercise due diligence.

1  Notably, this case has been pending over two years.  The Court granted extensions of the discovery deadline on two occasions, and the discovery deadline has now expired, as has the deadline for filing dispositive motions.

Moreover, the Court finds that the Defendant will likely suffer prejudice should amendment be permitted at this late stage.   The Court would need to re-open discovery as to the invasion of privacy claim, resulting in additional expenditures of time and resources.  And while the Court may not have found it necessary to re-open discovery had Defendant had an opportunity to complete Maria Shupe's deposition, Defendant was unable to do so because Maria Shupe walked out of her deposition after ninety minutes.

Accordingly, the Court will deny Plaintiffs' motion for partial summary judgment. The invasion of privacy claim is not a proper subject for summary judgment because it is not a claim asserted in the operative complaint. Further, the Court declines to construe the motion for summary judgment to include a request to amend the complaint. The Court previously granted Plaintiffs' request to include the privacy claim and Plaintiffs failed to amend.  Moreover, the Court finds good cause for amendment is lacking based on Plaintiffs' failure to exercise  of due diligence, the procedural posture of this case, and potential prejudice to Defendant.

**IV.	Motion for Stay and Motion to Withdraw**

Richard Shupe requests that the Court stay this action for 120 days because Maria Shupe is suffering from mental illness and is no longer able to prosecute the case. (Doc. 113.) Because the pending motions for summary judgment are fully briefed and can be resolved without Maria Shupe's involvement, the Court will deny the motion to stay.

For the same reasons the Court will deny as moot the motion to withdraw filed by Plaintiffs' counsel. (Doc. 109.)  The Court need not address counsel's motion to withdraw in light of its resolution of the motions for summary judgment.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Defendants' Motion for Summary Judgment (Doc. 95) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Partial Summary Judgment (Doc. 93) is DENIED.

IT IS FURTHER ORDERED that Defendant's Counterclaim against Maria Shupe (Doc. 90) is DISMISSED.

IT IS FURTHER ORDERED that Attorney Sidney Wolitzky's Motion to Withdraw as Counsel (Doc. 109) is DENIED as MOOT.

IT IS FURTHER ORDERED that Richard Shupe's Motion to Stay (Doc. 113) is DENIED.

Dated this 25th day of October, 2018.

_____
Honorable Jennifer G. Zipps
United States District Judge